# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**  PLAINTIFF

v.  4:18-cr-00365-01-KGB

**ERIC JEROME OWENS**  DEFENDANT

## ORDER

Pending is defendant Eric Jerome Owens's motion for adjustment of sentence (Dkt. No. 95). Applying retroactive United States Sentencing Guideline Amendment 821 lowers Mr. Owens's criminal history score from 12 to 11, but his criminal history category and guideline range remain the same.[1] Additionally, Mr. Owens's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." (Dkt. No. 64, at 3). Because Mr. Owens knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief. *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a motion filed pursuant to 18 U.S.C. § 3582(c)(2) when the record established that the defendant knowingly and voluntarily entered into the plea agreement).

For all of these reasons, although the Court is sympathetic to Mr. Owens's personal situation, the Court denies the motion (Dkt. No. 95).

It is so ordered this 26th day of February, 2024.

Kristine G. Baker
Chief United States District Court Judge

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").